Thelma TYSON, an individual, and Tijuan Tyson, a minor, by next friend and legal guardian Thelma Tyson, Plaintiffs,

v.

KANAWHA COUNTY BOARD OF EDUCATION OF KANAWHA COUNTY, a county and state agency, and Special Education Department et al., and William Russell, Jane Harbert and Kate Middleton, et al., in their individual capacity and in their official capacity as employees of the Kanawha County Board of Education employees, Defendants.

No. Civ.A. 2:96–0904.

United States District Court, S.D. West Virginia, Charleston Division.

April 29, 1997.

Eunice Green Thompson, Fairmont, WV, for Plaintiffs.

Charles R. Bailey, Belinda B. Jackson, Shuman, Annand & Poe, Charleston, WV, for Defendants.

## MEMORANDUM OPINION

KNAPP, District Judge.

Pending before the Court is the motion to dismiss of Defendants Board of Education of Kanawha County ("Board"), its Special Education Department, William Russell, Jane Harbert and Kate Middleton, et al. filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim for which this Court may grant relief.

Plaintiffs Thelma and Tijuan Tyson ("Tyson") allege in their complaint that the minor child, Tijuan Tyson, is disabled within the meaning of 20 U.S.C. § 1401(a)(1)(A) and that he has been denied a free appropriate public education by the defendants. Plaintiffs also allege that defendants have subjected Tijuan to differential treatment in both discipline and in the receipt of services because of his disability and that as such defendants have violated his rights under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"); the W.Va. Regulations for the Education of Exceptional Students (Policy 2419), 126 W.Va.C.S.R. § 16; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 ("Rehab Act"); Title II of the Americans of Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA"); the Fourteenth Amendment Equal Protection Clause and 42 U.S.C. § 1983.

Plaintiffs also allege that the defendants have discriminated against them on the basis of their race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (Title VII) and that defendants have violated Tijuan's privacy rights conferred under the IDEA and under the Family Education Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g.

Plaintiffs, in opposition to defendants' motion to dismiss, assert that they have exhausted their administrative remedies, further exhaustion is futile and would cause

Plaintiff Tijuan to suffer irreparable harm, and that exhaustion is not required under Sec. 504 of the Rehab Act of 1973, Title II of the ADA, or 42 U.S.C. § 1983.

In their answer, defendants deny any liability for the claims alleged in the plaintiffs' complaint. In the motion to dismiss, defendants move for dismissal of plaintiffs' claims on the basis that plaintiffs have failed to exhaust their administrative remedies prior to bringing this suit in district court, failed to state a claim, and that Thelma Tyson has released all of the claims that she might have raised in this action based on a settlement agreement executed by her on behalf of her grandson, Tijuan, with the Board of Education of Kanawha County.

■ In order to exhaust administrative remedies set forth in W.Va. Policy 2419 (adopted pursuant to the requirements of the IDEA, 20 U.S.C. § 1400 *et seq.*), a plaintiff must request a due process hearing from the West Virginia Department of Education ("WVDE") or the superintendent of the public schools. The hearing will be conducted before an impartial hearing officer retained by WVDE, who will issue written findings of fact and a decision on the issues raised by the parents or legal guardian. It is only after such a written decision is issued that any court has jurisdiction to entertain a civil action under IDEA. 126 W.Va.C.S.R. 16–8.1.9. The IDEA in 20 U.S.C. § 1415(e)(2) provides:

> (e) civil action; jurisdiction.... (2) Any party aggrieved by the findings and decision made under subsection ... (c) [upon review by a State educational agency] shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States without regard to the amount in controversy. In any action brought under this paragraph the court shall receive the records of the administrative proceedings, shall hear additional evidence at the request of a party, and, basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

■ While plaintiffs may demonstrate that they actually brought some of these current claims before the WVDE at a prior time which resulted in a settlement agreement, that agency or any State agency did not issue any findings or decisions on those claims since no hearing was held on those claims. Consequently, this Court is without any record to determine what claims were actually settled and what were the actual and specific provisions of any settlement and release. Accordingly, as the IDEA's own provisions reflect, this Court is without jurisdiction to hear plaintiffs' claims until they are aggrieved by the findings and decision of the WVDE. Also, the IDEA requires that a court hearing claims brought under that statute shall receive the records of the administrative proceedings. No such records exist here since no hearing was ever conducted. This would clearly aid the Court on determining, as plaintiffs argue, whether the settlement reached between the plaintiffs and the Board of Education on some of plaintiffs' claims raised herein has been breached. Plaintiffs' allegations in their complaint recite claims they believe were raised before the Board of Education, as well as additional claims which occurred after the settlement agreement between the plaintiffs and Board of Education. The issue of whether a breach existed of any settlement between the parties is itself an entire new issue to be complained of and put through the proper administrative process. Further, while the plaintiffs argue that they have pursued administrative remedies, none of the correspondence attached demonstrates that plaintiffs have exhausted remedies provided under the IDEA or West Virginia Policy 2419. Those remedies are explicitly set forth. West Virginia Policy 2419 provides that any party aggrieved by the findings and decision made in a hearing may bring a civil action in a State or district court within 120 days of the dated written decision. Plaintiffs have not filed the proper hearing request with the WVDE and, therefore, have not received a hearing and subsequent decision on any of plaintiffs' claims.

■ Regarding plaintiffs' argument as to exhaustion of remedies being futile, plaintiffs allege that because they are seeking relief

unavailable in an administrative proceeding, any administrative remedy would be futile. Clearly, plaintiffs' claims for injunctive relief can be heard and executed, if necessary, in the administrative process. Also, plaintiffs' claims for damages does not render an administrative proceeding futile. *Doe v. Alfred*, 906 F.Supp. 1092 (S.D.W.Va.1995).

■ Further, this Court is of the opinion that Plaintiff Tijuan Tyson will not suffer irreparable harm through the exhaustion of his administrative remedies. The administrative procedure set forth in Policy 2419 appears to be streamlined in that a written decision must be rendered and mailed to the parties within 45 days of receipt of the written request for a due process hearing. 126 W.Va.C.S.R. 16–9.1.2.V.

As set forth in *Doe v. Alfred*, the exhaustion requirement serves several useful functions by:

(1) permitting the exercise of agency discretion and expertise on issues requiring these characteristics; (2) allowing the full development of technical issues and a factual record prior to court review; (3) preventing deliberate disregard and circumvention of agency procedures established by Congress; and (4) avoiding unnecessary judicial decision by giving the agency the first opportunity to correct any error.

*Doe* also recognized that no federal district court presented with a constitutional claim to a public education can duplicate the administrative process. *Doe* at 1096, quoting *Smith v. Robinson*, 468 U.S. 992, 1012, 104 S.Ct. 3457, 3468, 82 L.Ed.2d 746 (1984).

■ The Court is of the opinion that the plaintiffs must exhaust their administrative remedies in order to maintain any or all of their claims, including those claims arising under the Rehab Act, Title II of the ADA and 42 U.S.C. § 1983. 20 U.S.C. § 1415(f); *Doe*, at 1099, N. 8.

Questions initially raised concerning plaintiffs' executed release involving subsequent claims have been worked out by the parties. Plaintiffs' claims occurring before execution of the release can be addressed by filing a request for a due process hearing on any compliance issue and claims arising after the release will be the subject of an additional due process hearing request. As noted above, a hearing of record and subsequent findings and decision need to be obtained by the claimants through the due process procedures.

Accordingly, defendants are entitled to dismissal of every claim raised in plaintiffs' complaint for the reason that plaintiffs have failed to exhaust their administrative remedies.

The Clerk is directed to send copies of this Memorandum Opinion to counsel of record herein.